IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| JERMAINE ALPHONSO HOLLAND : | |
| Plaintiff : | |
| v : | Civil Action No. PJM-05-2266 |
| WARDEN SOWERS and : CAPTAIN RICK MILLER | |
| : | |
| Defendants | |

o0o
**<u>MEMORANDUM OPINION</u>**

Pending in this civil rights action is Defendants' Motion to Dismiss or for Summary Judgment. Paper No. 16. Plaintiff has filed a Response in Opposition to the Motion. Paper No. 18. Upon review of the papers filed, this Court finds a hearing in this matter unnecessary. Local Rule 105.6 (D. Md. 2004). For the reasons set forth below, Defendants' Motion, construed as a Motion for Summary Judgment, shall be granted.

Background

The Complaint, filed on August 14, 2005, alleges that Plaintiff was transferred to Roxbury Correctional Institution (RCI) from the Maryland House of Correction-Annex (MHC-Annex) in October, 2004, after he was stabbed by a member of a prison gang. Paper No. 1 at p. 4. Plaintiff claims that upon his arrival at RCI he was interviewed by Captain Miller regarding a plot by other prisoners to assault Plaintiff. *Id*. Plaintiff alleges that Captain Miller showed him a letter to the effect that someone at RCI was planning to kill him. *Id*.

Plaintiff alleges that on May 2, 2005, he was confronted by several members of a prison gang. *Id*. Plaintiff claims that he and one of the gang members began shoving each other before words were exchanged. *Id*. In order to protect himself from injury, Plaintiff asserts that he

obtained a "shank" from a bystander. *Id*. The struggle was noticed by a correctional officer and both men were told to exit the day room where the affray was taking place. *Id*. Plaintiff admits that while the officer was talking to his opponent, he "struck the gang member" because it was better to do so than to face many other gang members who were also housed in the same area. *Id*. at p. 5.

Plaintiff alleges that prison officials knew there was a plan to cause him harm, yet they failed to take appropriate action to protect him from assault. *Id*. He claims that Defendants knew he was involved in an incident at MHC-Annex that could have cost his life, and knew he was trying to stay away from prison gangs because of that incident. *Id*. Plaintiff states that as a consequence of Defendants' failure to act he was placed in a situation where he was forced to "do something counter-productive". *Id*.

## Standard of Review

A motion for summary judgment will be granted only if there exists no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law. *see* Fed. R. Civ. P. 56(c); *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250 (1986); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). In other words, if there clearly exist factual issues "that properly can be resolved only by a finder of fact because they may reasonably be resolved in favor of either party," then summary judgment is inappropriate. *Anderson*, 477 U.S. at 250; *see also Pulliam Inv. Co. v. Cameo Properties*, 810 F.2d 1282, 1286 (4th Cir. 1987); *Morrison v. Nissan Motor Co.*, 601 F.2d 139, 141 (4th Cir. 1979); *Stevens v. Howard D. Johnson Co.*, 181 F.2d 390, 394 (4th Cir. 1950). The moving party bears the burden of showing that there is no genuine issue of material fact. *see* Fed. R. Civ. P. 56(c); *see Pulliam*, 810 F.2d at 1286 (citing

2

*Charbonnages de France v. Smith*, 597 F.2d 406, 414 (4th Cir. 1979)).

When ruling on a motion for summary judgment, the court must draw all reasonable inferences in favor of and construe the facts in the light most favorable to the non-moving party. *see Tinsley v. First Union Nat'l Bank*, 155 F.3d 435, 437 (4th Cir. 1998).  A party who bears the burden of proof on a particular claim must factually support each element of his or her claim. "[A] complete failure of proof concerning an essential element . . . necessarily renders all other facts immaterial." *Celotex*, 477 U.S. at 323.  Thus, on those issues on which the nonmoving party will have the burden of proof, it is his or her responsibility to confront the motion for summary judgment with an affidavit or other similar evidence.  *see Anderson*, 477 U.S. at 256.

In *Celotex*, the Supreme Court stated:

> In cases like the instant one, where the nonmoving party will bear the burden of proof at trial on a dispositive issue, a summary judgment motion may properly be made in reliance solely on the "pleadings, depositions, answers to interrogatories, and admissions on file." Such a motion, whether or not accompanied by affidavits, will be "made and supported as provided in this rule," and Rule 56(e) therefore requires the nonmoving party to go beyond the pleadings and by her own affidavits, or by the "depositions, answers to interrogatories, and admissions on file," designate "specific facts showing that there is a genuine issue for trial."

*Celotex*, 477 U.S. at 324.  However, "'a mere scintilla of evidence is not enough to create a fact issue.'"    *Barwick v. Celotex Corp.*, 736 F.2d 946, 958-59 (4th Cir. 1984) (quoting *Seago v. North Carolina Theatres, Inc.*, 42 F.R.D. 627, 632 (E.D.N.C. 1966).  There must be "sufficient evidence favoring the nonmoving party for a jury to return a verdict for that party.  If the evidence is merely colorable, or is not significantly probative, summary judgment may be granted." *Anderson*, 477 U.S. at 249-50 (citations omitted).

Analysis

In order to prevail on a claim that prison officials failed t o protect him from other violent inmates, Plaintiff must establish that Defendants exhibited deliberate or callous indifference to a specific known risk of harm. *see Pressly v. Hutto*, 816 F. 2d 977, 979 (4th Cir. 1987). "Prison conditions may be restrictive and even harsh, but gratuitously allowing the beating or rape of one prisoner by another serves no legitimate penological objective, any more than it squares with evolving standards of decency.  Being violently assaulted in prison is simply not part of the penalty that criminal offenders pay for their offenses against society." *Farmer v. Brennan*, 511 U.S. 825, 833– 34 (1994) (citations omitted). "[A] prison official cannot be found liable under the Eighth Amendment for denying an inmate humane conditions of confinement unless the official knows of and disregards an excessive risk to inmate health or safety; the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." *Id* at 837; *see also Rich v. Bruce*, 129 F. 3d 336, 339– 40 (4th Cir. 1997).  In a failure to protect claim, a prisoner must show first that the harm he suffered was objectively serious, and second, that prison officials acted with deliberate indifference. *see Farmer*, 511 U.S. at 834.

The facts in this case are largely undisputed.  Plaintiff does not deny assaulting another inmate, nor does he deny that he was convicted of the crime of assault as a result.  There is no dispute that Plaintiff was not physically harmed as a result of the attempted assault; instead, Plaintiff seems to implies that the "harm" suffered was his subsequent conviction for assault on the other inmate.   Such harm, however, is not the type contemplated by the Eighth Amendment's prohibition on cruel and unusual punishment.  Plaintiff's assertion that he was

forced to commit a crime in the circumstances described in the complaint is without merit. The confrontation between Plaintiff and his would-be assailant had ended with the intervention of a correctional officer. Plaintiff was no longer in imminent danger of being assaulted, yet he took it upon himself to continue the affray. Assuming prison officials had forewarning[1] that Plaintiff was in danger of being assaulted, his failure to show that he suffered physical injury resulting from the alleged failure to protect is fatal to his Eighth Amendment claim. Accordingly, Defendants are entitled to summary judgment in their favor. A separate Order follows.

February 15, 2006

/s/
PETER J. MESSITTE
UNITED STATES DISTRICT JUDGE

---

[1] Plaintiff alleges that prison officials should have known about the threat to his safety based on a previous civil rights action filed by him in this Court. Paper No. 18. In that case, it was undisputed that t while Plaintiff was incarcerated at the Maryland House of Correction Annex (MHC-Annex), he was assaulted by a member of the Black Guerilla Family because he was attempting to distance himself from the group. *See Holland v. Smith, et al.*, Civil Action No. PJM-04-3924 at Paper No. 11. Following the assault, Plaintiff was placed on protective custody and, subsequently transferred to Roxbury Correctional Institution. The incident at MHC-Annex placed prison officials on notice that Plaintiff was a former gang member who may have been subject to retribution. There is no clear indication, however, that Defendants in this case knew of a specific threat of harm to Plaintiff.